IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASPER DOCKERY,

    Petitioner,

v.                                             Civil Action No. 5:06CV140
                                                           (STAMP)

JOE DRIVER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION TO ALTER OR AMEND**

I.  Procedural History

On October 18, 2006, the petitioner, Jasper Dockery, filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia ("D.C. Court"). The D.C. Court entered a transfer order construing the petitioner's petition as one filed pursuant to 28 U.S.C. § 2241 and directing that the case be transferred to this Court because the D.C. Court believed that the petitioner was, at that time, incarcerated at the United States Penitentiary-Hazelton in Bruceton Mills, West Virginia ("USP-Hazelton"). Thereafter, on July 3, 2008, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge recommending that the respondent's motion to transfer be granted and that the case be transferred to the United States District Court for the Western District of Louisiana.

The petitioner now moves this Court to alter or amend the order. The respondent did not file a response. For the reasons

set forth below, this Court denies the petitioner's motion to alter or amend the order.

## II. Applicable Law

The petitioner files his motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. See id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III. Discussion

The petitioner argues that this Court should alter or amend its order transferring this case to the United States District Court for the Western District of Louisiana. The petitioner makes

2

two specific objections to this Court's order: (1) that this Court does have jurisdiction to address the respondent's argument that the petitioner's petition for writ of habeas corpus should be construed pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241; and (2) that the petitioner's previously-filed July 19, 2006 petition is not irrelevant to the jurisdictional issue decided by the Court in its order.

The petitioner's first objection was thoroughly addressed in this Court's memorandum opinion and order adopting and affirming the report and recommendation of the magistrate judge. Prior to the case being transferred to this Court, the D.C. Court determined that the petitioner is proceeding under § 2241 despite filing his petition under § 2255. In its order, this Court held that it had no authority to disregard the D.C. Court's determination and rule otherwise. Specifically, this Court found that it did not have jurisdiction under either statute because the petitioner was not incarcerated within this Court's territorial jurisdiction during any time of the § 2241 proceeding and because this Court did not sentence the petitioner.[1]

The petitioner's objection does not cause this Court to reconsider its findings. Indeed, the petitioner is making an

---

[1] The petitioner was incarcerated at USP-Hazelton from June 15, 2005 until July 18, 2006. On July 20, 2006, the petitioner was then transferred to USP-Pollock in Pollock, Louisiana. Only after this transfer, on October 18, 2006, did the petitioner file his petition in the D.C. Court. (See Decl. of Alecia D. Sankey, Ex. 1 to Resp't's Mot. to Dismiss or in the Alternative to Transfer.)

objection that this Court has already throughly considered and discussed in its memorandum opinion and order. The petitioner has not submitted any new evidence that would warrant altering or amending the earlier order. Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

The petitioner's second objection is also without merit. The petitioner states that he filed a petition pursuant to 28 U.S.C. § 2254, which was later dismissed without prejudice, on July 19, 2006, while he was incarcerated at USP-Hazelton. Thus, the petitioner essentially argues that the § 2241 petition now at issue relates back to the original petition he filed while incarcerated in USP-Hazelton and provides this Court with the requisite jurisdiction over the proceeding.

In its memorandum opinion and order, this Court held that even if there was a July 19, 2006 petition that it was irrelevant to the current proceeding. When a petition is dismissed without prejudice, it forces a plaintiff "to completely begin [his] quest for relief anew." Leonard v. Hammond, 804 F.2d 838, 843 (4th Cir. 1986) (quoting Grace v. Butterworth, 635 F.2d 1, 10 (1st Cir. 1980)); see also Alexander v. Johnson, 742 F.2d 117, 126-27 (4th Cir. 1984) (dismissal of claim without prejudice allows the plaintiff to "reinstitute" her action); Anderson v. Worden, 744 F. Supp. 1042, 1044 (D. Kan. 1990) (holding that a dismissal of the

petition for failure to exhaust state remedies requires the petitioner to "begin[ ] anew in seeking federal relief" and that "[t]his is not an action which has been 'refiled' under the present case number"). This Court notes that there remains no evidence that the petitioner filed a habeas corpus petition on July 19, 2006. Nonetheless, this Court reaffirms its holding that even if such a petition was filed, it is irrelevant to the petition currently at issue, and it does not confer jurisdiction upon this Court. The petitioner's § 2241 petition filed on October 18, 2006 instituted a new action, and when this new action was filed, the petitioner was not in the jurisdiction of this Court.

## IV. Conclusion

For the reasons stated above, the petitioner's motion to alter or amend this Court's July 3, 2008 memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge and transferring this case to the United States District Court for the Western District of Louisiana is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the petitioner, to all counsel of record herein, and to the Clerk of the United States District Court for the Western District of Louisiana.

DATED:      October 14, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE